## Craig v. Bryant et al.

November 15, 1949.

C. R. Luker for appellant.

R. L. Brown for appellees.

VAN SANT, COMMISSIONER—Affirming.

The action was instituted by appellant to recover of appellees $3,000 in damages for the wrongful cutting of timber from approximately 2 1/3 acres of a twenty-five acre tract allegedly owned by appellant. The case was submitted to the Chancellor on the pleadings, depositions, and exhibits. The Chancellor decreed that appellant had not shown title to the disputed tract and dismissed his petition.

The immediate deed under which appellant claims title was executed by thirteen grantors on November 22, 1937, acknowledged by three of them on November 26, 1937, and by four others on December 13, 1937 before William T. Tipton, a Notary Public. The only other certificate of acknowledgment appears in the following language:

"State of          *
"County of        *    Certificate of Acknowledgment

"I, Hattie E. Poynter, Notary Public in and for the county and state aforesaid, certify that the foregoing deed from Joie Perkins, Maggie Gray and her husband, Robert Gray, Orie Moore and her husband, J. H. Moore, Oranell Sullivan Brasel and her husband, Thomas Curtis Brasel, was signed and notarized by me on August 31st. 1943.

My Commission expires July 3, 1945.
"(Seal)

"(Sealed)   Hattie E. Poynter,
"Notary Public, Whitley County, Ky."
"Certificate"

It will be noted that this merely states that the instrument was signed and notarized by the Notary Public, and of course, is not a certification that the deed was

signed and acknowledged by the grantors. The decision however need not turn on this point, for which reason we will pass to the consideration of other questions.

At the times the deed was executed and partially acknowledged, the property conveyed to appellant was described vaguely as:

"the following described tract, lot, piece or parcel of land, lying and being in the County of Whitley and State of Kentucky and more particularly described as follows: —

"Being Twenty Five Acres, more or less, of the identical land sold and conveyed by A. Gatliff, and his wife, F. E. Gatliff, to Preston Craig, deceased, husband of Mary Craig, (the first named Grantor herein), * * * and being the 25 acres, more or less, which has never been sold."

The land referred to as having been conveyed by A. Gatliff et ux., to Preston Craig contained 650 acres in a single boundary, 625 acres of which theretofore had been sold; but nowhere in the record is there any description or other reference to the part which had been sold. Six years after the execution and partial acknowledgment of the deed to appellant, a mysterious and uncertain "Mr. Taylor" appeared and inscribed on the deed a purported metes and bounds description of the twenty-five acres. Appellant admitted in his testimony that this description was inserted in the deed in the year 1943, but stated that it was done prior to the deed's acknowledgment. The first two certificates of acknowledgment on the deed itself refutes this statement. Appellant and other witnesses, including a self-styled "surveyor," testified the land in dispute is within the boundary described by the mysterious "Mr. Taylor," although the surveyor, who, incidentally, made no survey of the property, confessed certain discrepancies which would indicate he was forced to alter "Mr. Taylor's" courses and distances to include the disputed land.

Undoubtedly appellant has traced Mr. Gatliff's title to the 650 acre tract through mesne conveyances from the Commonwealth, and has shown some color of title to an elusive twenty-five acres to be carved out of the 650 acre boundary; but he has failed to identify or locate

the twenty-five acres. The description placed in the deed six years after it was executed and acknowledged is a mere will-o'-the-wisp, so far as its evidentiary value is concerned. It is not contended that it was placed in the deed by direction of the parties in an endeavor to clarify the original description; no one even testified as to his own knowledge of its accuracy. In order to identify the twenty-five acre tract it would be necessary to ascertain and separate from the original description the portions sold prior to the execution of the deed to appellant. This was not attempted. The Chancellor correctly dismissed the petition.

The judgment is affirmed.